IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD V. RAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0092-HE |
| | ) | |
| MRS. BRADFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff is a prisoner in the custody of the State of California who, at the times pertinent to the claims in his complaint, was housed in Oklahoma at the North Fork Correctional Center ("North Fork"), a private prison owned by Corrections Corporation of America. He is appearing *pro se* and *in forma pauperis* and filed this § 1983 action against four North Fork employees, seeking nominal and punitive damages and declaratory relief for alleged constitutional violations. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Shon T. Erwin, who recommends that a motion to dismiss filed by defendants be granted

Plaintiff asserts four claims in his complaint. In Count I he alleges his First Amendment rights were violated when "Doe #1" seized and destroyed his mail. In Counts II and III plaintiff alleges his Fifth[1] and Eighth Amendment rights were violated when he was "given a write-up for 'refusing to house,'" Doc. #1, p. 4, placed in segregation, lost

---

[1]*Although plaintiff asserts his due process claims under the Fifth Amendment, the appropriate amendment is the Fourteenth. See* Ali v. Taylor, *528 Fed.Appx. 818, 920 (10th cir. 2013) ("The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law.") (internal quotations omitted).*

recreation and good time credits, his custody level was increased and he was moved to a new prison away from his son. In Count IV plaintiff alleges that his Fourteenth Amendment due process rights were violated when the North Fork staff increased his custody level from low to moderate without cause or a hearing, held and destroyed a piece of his mail and drug tested and strip searched him.

The magistrate judge recommends that Count I be dismissed for failure to state a claim because plaintiff conceded he did not allege that any of the named defendants directly participated in the seizure of his mail and he failed to allege any injury. He concluded that Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)[2] mandate the dismissal of Count II, unless plaintiff demonstrates that the underlying disciplinary conviction has been invalidated. Upon such a showing, the magistrate judge recommends that plaintiff be allowed to amend his complaint "with regard to his claim that the disciplinary offense was retaliatory in nature." Doc. #17, p. 12. If plaintiff's credits have been restored and Heck and Edwards are inapplicable, the magistrate judge determined that plaintiff's second claim still must be dismissed. He concluded that plaintiff's remaining allegations in Count II – that he was placed in segregated housing and deprived of recreation for thirty days, that his security level was increased and he was separated from his son – "do not impose the sort of atypical conditions that give rise to due process protections." Doc.

---

[2]"Heck held that a prisoner's claim for damages is not cognizable under § 1983 if a judgment in the plaintiff's favor would imply the invalidity of his conviction or sentence." Harrison v. Morton, 490 Fed.Appx. 988, 991 (10th Cir. 2012). The rule also applies to prison disciplinary convictions. Id., citing Edwards, 520 U.S. at 643.

2

#17, p. 10.

The magistrate judge concluded that Count III fails because the alleged wrongdoing was not sufficiently serious to establish an Eighth Amendment claim and Count IV fails because none of the named defendants are alleged to have been involved in the alleged confiscation of plaintiff's mail, he does not identify the person or persons who subjected him to a strip search and drug test and an increase in custody level does not trigger Fourteenth Amendment protection.

With respect to Count I, the court agrees with the magistrate judge that plaintiff's claim should be dismissed with prejudice, based on plaintiff's concession that he did not allege that any of the named defendants personally participated in the alleged confiscation of his mail. "F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Clayton v. Ward, 232 Fed. Appx. 827, 830 (10th Cir. 2007) (internal quotations omitted). Plaintiff responds in his objection that he "also names as Defendants 'Does 1-10.'" Doc. #20, p. 6. However, plaintiff never moved to amend his complaint to identify the person or persons who allegedly seized and destroyed his mail. He could have attempted to learn his or her identity through discovery but did not do so and cannot now avoid dismissal of his claim in Count I by relying on the Doe defendants. *See generally* Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties . . . ."); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that

3

service be made within a specified time.").

Plaintiff's alleges in Count II that he was denied due process because of (1) his disciplinary conviction which he claims was retaliatory and fabricated, (2) being placed in segregation, (3) the loss of 30 days of recreation time, (4) the loss of 30 days of good time credits, which were restored,[3] (5) a four point increase in custody level and (6) being moved to a new prison away from his son. "[A] prisoner is entitled to due process before he is subjected to conditions that 'impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' or disciplinary actions that 'inevitably affect the duration of his sentence." Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005) (quoting Sandin v. Conner, 515 U.S. 472, 484, 487 (1995)).

As for the disciplinary conviction, "'a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.'" Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007) (quoting Edwards, 520 U.S. at 643)." "This rule also applies to challenges to punishments imposed as a result of prison disciplinary infractions." *Id.* It appears from plaintiff's objection that the disciplinary conviction has not been favorably terminated, in which case Heck and Edwards would bar the claim. However, the Tenth Circuit has concluded, based on Muhammad v. Close, 540 U.S. 749 (2004), that if a habeas

---

[3]*Plaintiff asserted in his complaint that his good time credits "just now got restored." Doc. #1, p. 4.*

4

remedy is unavailable to challenge the misconduct conviction, Heck may not apply. Harrison, 490 Fed.Appx. at 992 ("Muhammad left open the possibility that Heck might not apply when a habeas remedy is unavailable.").

"[A] habeas petition under 28 U.S.C. § 2241 is available to challenge prison disciplinary proceedings only when those proceedings affect the fact or duration of the petitioner's custody such as when a prisoner is deprived of earned credits." *Id.* (internal quotations omitted). As plaintiff pleaded in the complaint that his good time credits were restored, he could not seek habeas relief if that were the only consequence of his disciplinary conviction. He also pleaded, though, that his custody level was increased by four points, which could affect his credit-earning status.[4] If the misconduct conviction resulted in a mandatory reduction in plaintiff's classification level and the rate at which he could earned good time credits, a protected liberty interest is implicated and plaintiff could challenge the conviction in a habeas proceeding. Cardoso, 490 F.3d at 1198 . In that situation, Heck would bar plaintiff's claims in Count II. If, however, the decision to reduce plaintiff's classification level was "discretionary, no liberty interest was implicated," *id.*, Ali v. Franklin, 2014 WL 406760, at * 2 (10th Cir. Feb. 4, 2014), so plaintiff could not seek habeas review with respect to his conviction and punishment. In that situation, as the magistrate judge noted, Heck might not apply and, assuming it does not, plaintiff could proceed with his claims. Harrison, 490 Fed. Appx. at 992.

---

[4]*As will be discussed subsequently, plaintiff's placement in segregation also might have impacted his ability to earn good time credits.*

The problem is, it is unclear from the complaint whether the change in security level alleged in Count II was part of the punishment for the disciplinary conviction or whether it is the low to moderate increase challenged in Count IV. Plaintiff will be granted fourteen days within which to amend his complaint to clarify whether he is alleging he was unconstitutionally subjected to one or to two changes in security level and when those changes occurred. He also should clarify whether the disciplinary conviction has been invalidated.

If Heck and Edwards do not apply to bar the claims in Count II, the question becomes whether the alleged wrongful acts violated plaintiff's constitutional rights. The court agrees with the magistrate judge that the loss of recreation time does not trigger a protected liberty interest. *See* Harrison, 490 Fed.Appx. at 993 ("restriction on recreational privileges did not impose an atypical hardship compared to the normal incidents of prison life"). While doubtful, plaintiff's move to another facility might involve deprivation of a liberty interest, *see generally* Clayton, 232 Fed.Appx. at 831.[5] However, if the disciplinary conviction was retaliatory for filing a grievance or fabricated, and thus not supported by some evidence, it may have violated plaintiff's due process rights.

---

*[5]The existence of a liberty interest may depend on whether Oklahoma or California law governs plaintiff's transfer. See generally Clayton, 232 Fed. Appx. at 831 ("The Supreme Court has held that 'the Due Process Clause of the Fourteenth Amendment [does not entitle] a state prisoner to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to the prisoner, absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events.'") (quoting Meachum v. Fano, 427 U.S. 215, 216 (1976)).*

Depending on the length of time plaintiff was in segregation,[6] the purpose of the segregation[7] and the conditions of that placement, plaintiff might have a constitutional claim based on his being "put in the hole." Grissom v. Werholtz, 524 Fed.Appx. 467, 474 (10th Cir. 2013); *see* Clayton, 232 Fed. Appx. at 831-32. His transfer to segregation also might implicate a liberty interest if it resulted in a decrease in his credit-earning classification.[8] *See* Ali v. Taylor, 528 Fed.Appx. 918, 920-21 (10th Cir. 2013). Plaintiff has not, though, alleged sufficient facts regarding the impact of the segregation on his credit-earning classification level, the length of time he spent in segregation or the conditions he encountered while there for the court to conclude whether he has pleaded a deprivation of due process or an Eighth Amendment violation. Plaintiff will be granted fourteen days to amend his complaint and plead additional facts in support of his assertion in Counts II and III that his constitutional rights were violated by his placement in segregation.

With the exception of plaintiff's segregation claim, the court agrees with the magistrate judge that plaintiff's allegations of wrongdoing in Count III, which include his disciplinary conviction, cell search, strip search, drug testing and housing separate from his

---

[6]*It appears, though it is not entirely clear, that plaintiff initially was in segregation for a day, see Doc. #1, p.3 ("and the next day California let us out of the hole") and then later "went back to the hole for 68 days." Id. at p. 2.*

[7]*It appears that plaintiff may have been placed in segregation the second time for his own protection. See Doc. #1, p. 2.*

[8]*If the transfer to segregation resulted in an automatic demotion in credit-earning classification and thus, impacted the duration of plaintiff's sentence, the claim should be brought under 28 U.S.C. § 2241.*

son are insufficient to state a claim under the Eighth Amendment for cruel and unusual punishment.

With one exception, the court agrees with the magistrate judge that the claims in Count IV also are subject to dismissal for failure to state a claim. Plaintiff did not challenge the magistrate judge's conclusion that his allegations pertaining to the destruction of his mail and the drug test and strip search "do not even implicate the Defendants he has named." Doc. #17, p. 11. Therefore plaintiff is not entitled to seek relief on the basis of those asserted wrongful acts. The change in custody level, though, might be actionable as it could impact plaintiff's ability to earn good time credits. However, plaintiff failed to allege whether defendants participated in the decision to change his security level. As it is possible that pleading defect can be corrected, plaintiff will be granted leave to amend his complaint with respect to the change in custody level claim in Count IV. As was discussed earlier, he also will need to pleaded facts demonstrating the effect, if any, of the change in custody level.

Accordingly, the court adopts the Report and Recommendation in part and defendants' motion to dismiss [Doc. #15] is granted. Plaintiff's claims in Count I, III, and IV, with the exception of plaintiff's segregation claim in Count III and his claim based on the change in his custody level in Count IV are dismissed with prejudice. The remaining claims are dismissed without prejudice, but with leave to amend. The matter is referred again to the magistrate judge for further proceedings, including consideration of whether, after plaintiff has had the opportunity to amend his complaint, his claims in Count II are barred by Heck and Edwards or, if not, whether he has pleaded constitutional violations and

whether he has alleged viable claims based on being held in segregation and the change or changes in his security level.

Plaintiff is granted **fourteen (14) days** to amend his complaint and (1) clarify whether his disciplinary conviction has been invalidated, (2) clarify when his custody level was changed and what effect it had on his ability to earn good faith credits; (3) allege facts regarding the length of time he was in segregation and the conditions of that confinement and (3) identify those prison employees or officials responsible for the change in his custody level when he arrived at North Fork.

An evidentiary hearing is not warranted at this time. Plaintiff's request for a hearing is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of March, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE