# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD V. RAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0092-HE |
| | ) | |
| MRS. BRADFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff is a California state prisoner who, at the times pertinent to the claims in his amended complaint, was housed in Oklahoma at the North Fork Correctional Center ("North Fork"), a private prison. He is appearing *pro se* and *in forma pauperis* and filed this § 1983 action against four named North Fork employees and five unnamed ("Doe") mailroom employees, alleging various constitutional violations. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Shon T. Erwin, who recommends that a motion to dismiss [Doc. #29] filed by defendants be construed as a motion for summary judgment and be granted.

This is defendants' second motion to dismiss. Their first was granted, but plaintiff was allowed to amend his complaint and clarify some of his claims. *See* March 7, 2014, Order [Doc. #21]. The magistrate judge treated the current motion to dismiss as a motion for summary judgment. He concluded that because both parties attached documents outside the pleadings to their motion or response, they had essentially invited the court to convert the Fed.R.Civ.P. 12(b)(6) motion to a Rule 56 motion for summary judgment. Plaintiff objects

to the Report and Recommendation (the "Report") on this basis, asserting it is an abuse of discretion. Such conversions are ordinarily inappropriate unless the parties are provided with notice of the changed status of the motion and given the opportunity to present all their pertinent evidence to the court.[1] However, as noted in the Report, both parties relied on materials outside the pleadings in dealing with the motion. Further, plaintiff has not made any specific claim that he was adversely affected by treating the motion as one for summary judgment or that he was precluded from presenting evidence on any particular issue. He simply "avers that [the conversion] in itself was an abuse of discretion." Doc. #37, p. 1. In the absence of any apparent prejudice to plaintiff, the court concludes the Report and plaintiff's objections to it should be addressed on their merits, treating the motion as one for summary judgment as to at least some of the claims.

Plaintiff asserts four claims in his amended complaint. In Count I, he alleges his First Amendment rights were violated when a mailroom employee seized, held and destroyed a piece of his mail. In Count II, he alleges defendants violated his Fifth Amendment due process rights when they fabricated a disciplinary action (RVR 115) for "refusing to house" and subjected him to multiple forms of punishment. He alleges he was placed in "Ad-Seg," lost recreation and good time credits, had his custody level increased by 4 points, was

---

[1] *Defendants in prisoner § 1983 cases often move in the alternative to dismiss or for summary judgment. They did not do so here.*

2

transferred to a new prison and lost liberty within the prison walls.² In Count III, plaintiff alleges his due process rights were violated when he was taken to Ad-Seg without due process. He also claims he sustained a loss of liberty while he was in Ad-Seg – some personal property was discarded and his property was "rummaged through by Defendant Ferguson," he lost access to the law library, and he could not move freely about his pod or contact his family by phone. In Count IV, plaintiff alleges that his Fourteenth Amendment due process rights were violated when the North Fork staff increased his custody level from low to medium without a hearing.

The magistrate judge noted in the Report that Count 1 had previously been dismissed with prejudice. *See* March 7, 2014, Order [Doc. #21]. He concluded plaintiff's claims in Count II are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643 (1997). The magistrate judge concluded Count III should be dismissed, recognizing that "'incarcerated persons retain only a narrow range of protected liberty interests.'" Report [Doc. #33, p. 7] (quoting Rezaq v. Nalley, 677 F.3d 1001, 1011 (10th Cir 2010). The judge determined that the deprivations alleged did not implicate protected liberty interests triggering constitutional due process protection. *See* Clayton v. Ward, 232 Fed. Appx. 827, 831 (10th Cir. 2007) ("As correctly noted by the district court, the due process clause does not protect an inmate from being transferred from one institution to another and placing an inmate into administrative segregation does not 'involve deprivation of a liberty

---

²*Although plaintiff alleges in Count II that defendants' actions violated his Fifth Amendment right against double jeopardy, the claim appears to be, in substance, a due process claim.*

3

interest independently protected by the Due Process Clause.'") (quoting Trujillo v. Williams, 465 F.3d 1210, 1225 (10th Cir.2006)).

As to Count IV, the magistrate judge concluded that plaintiff's "reclassification could not have affected his ability to earn good time credits and no liberty interest was impinged." Doc. #33, p. 9. With no liberty interest involved, no process was due.[3]

In his objection, plaintiff asserts the court is applying the law in an "unequal manner." He claims that, although he is a California Department of Corrections and Rehabilitation inmate, the judges in this district have been relying on Tenth Circuit cases as the basis for decision, rather than on Ninth Circuit and California law. Plaintiff is incarcerated in this state and district, and asserts violations of his rights based on events in this state and district. Further, the claims he asserts are ones of federal law. In such circumstances, he has no valid basis for objection to citation of caselaw from the Tenth Circuit.

That is the extent of plaintiff's objections. He makes no other specific objection to the proposed findings and recommendations of the Report, as required by Fed.R.Civ.P.72(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act...." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff thereby waived his right to challenge the factual

---

[3] *Although plaintiff has also referred to a violation of his equal protection rights in Count IV, it is clear that, as he is complaining about the lack of a hearing, he is alleging a due process violation. He also failed to alleged the elements of an equal protection claim.*

4

and legal issues addressed by the magistrate judge, except as otherwise referenced above. *Id.* at 1059-60 (10th Cir. 1996); *see* 28 U.S.C. §636(b)(1)(C).

Accordingly, the court substantially adopts the findings and conclusions of the Report and Recommendation as stated above. For the reasons stated here and in the court's March 7, 2014, order [Doc. #21], Count I is dismissed with prejudice, Count II is dismissed without prejudice as barred by Heck and Edwards, and judgment is entered for defendants as to Counts III and IV.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE